# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LIGHTING SCIENCE GROUP
CORPORATION,

    Plaintiff,

v.

NICOR, INC.,

    Defendant.
_____/

Case No.   6:16-cv-413-Orl-37GJK

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lighting Science Group Corporation, through its attorneys, alleges the following:

### PARTIES

1.    Plaintiff Lighting Science Group Corporation ("LSG") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 811 N. Atlantic Avenue, Cocoa Beach, FL 32931.

2.    Upon information and belief, Defendant Nicor Inc. ("Nicor", hereinafter "Defendant") is a corporation organized and existing under the laws of New Mexico but does business throughout the United States, including Florida.

### JURISDICTION AND VENUE

3.    This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over the Defendant because the Defendant is

transacting business within this District and has committed acts and, on information and belief, will continue to commit acts within this District giving rise to this action, including offering to sell and selling infringing products and/or placing infringing products, directly or through intermediaries (including distributors, retailers, and others), into the stream of commerce in such a way as to reach customers in this District. Defendant has purposefully and voluntarily sold one or more of its infringing products with the expectation that they will be purchased by consumers in this District. These infringing products have been and continue to be purchased by consumers in this District. Defendant has committed acts of patent infringement within the United States and more particularly, within this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

6. Plaintiff is a world leader in the invention, development, and sale of LED lighting solutions. Plaintiff's lighting scientists have earned more than 375 patents for their innovations in the LED lighting market.

7. Among Plaintiff's diverse product array of LED lighting solutions is a line of highly efficient lighting devices that can be retrofitted into existing lighting units, offered to the public under the brand name GLIMPSE®.

8. Plaintiff's GLIMPSE® lighting products have enjoyed significant success in the lighting market.

9. The functions of the GLIMPSE® lighting products are protected by registered U.S. patents, including the following U.S. patents owned by LSG (the "Infringed Patents"):

    a. United States Patent No. 8,201,968, entitled "Low Profile Light," which was duly and legally issued by the United States Patent and Trademark Office

("USPTO") on June 19, 2012 (the "'968 Patent");

b. United States Patent No. 8,672,518 entitled "Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 3, 2015 (the "'518 Patent"); and

c. United States Patent No. 8,967,844 entitled "Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 3, 2015 (the "'844 Patent").

10. The Accused Products have no significant non-infringing use.

11. Defendant has infringed and will continue to infringe at least one claim of each of the Infringed Patents by making, using, selling, offering to sell, and/or importing into the United States under the "Nicor" and "Maxcor" brand names, the following Nicor products (the "Accused Products"):

a. "Maxcor DLS Surface Mount LED Downlight" # DLS-10-120V-3K-WH;

b. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2009-120-4K-WH;

c. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2012-120-3K-WH;

d. "Nicor DLR56 LED Retrofit Light Kit" # DLR 56-3008-120-3K-WH; and

e. "Nicor DLR4 LED Retrofit Light Kit" # DLR4-27-120-3K-BK.

12. Specifically, upon information and belief, Defendant received the Accused Products in the United States and thereafter distributed and/or sold the products to its customers in the United States.

13. Upon information and belief, as a result of Defendant's distribution of the Accused Products, the Accused Products have been and are still offered for sale throughout the United States online, on Defendant's website www.nicorlighting.com, through the web marketplace

Amazon on www.amazon.com, and through the Sears online marketplace on www.sears.com.

14. Plaintiff has not licensed or authorized any of the actions of Defendant, either expressly or by implication. Defendant has no license to practice any of the Infringed Patents.

15. Upon information and belief, Defendant's conduct constitutes direct infringement of the Infringed Patents, whether such infringement is literal or under the doctrine of equivalents.

16. Upon information and belief, Defendant is continuing to engage in its infringing activities. The Accused Products remain for sale including, at least, on their own website and on the Sears stores website, for example at the following links:

- http://www.nicorlighting.com/products/details/dls56_7
- http://www.nicorlighting.com/products/search?s=DLS56-2012-120-3K-WH
- http://www.nicorlighting.com/products/search?s=DLR+56-3008-120-3K-WH
- http://www.nicorlighting.com/products/search?s=DLR4-27-120-3K-BK
- https://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-keywords=Nicor+lighting+retrofit+downlight&rh=i%3Aaps%2Ck%3ANicor+lighting+retrofit+downlight
- https://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-keywords=Nicor+DLS56+Surface+Mount+LED+Downlight&rh=i%3Aaps%2Ck%3ANicor+DLS56+Surface+Mount+LED+Downlight
- https://www.amazon.com/NICOR-Lighting-DLS56-2009-120-4K-WH-Efficiency-Downlight/dp/B00TSQILH6/ref=sr_1_1?ie=UTF8&qid=1471892378&sr=8-1&keywords=Nicor+DLS56+Surface+Mount+LED+Downlight
- https://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-keywords=DLS56-2012-120-3K-WH
- https://www.amazon.com/NICOR-Lighting-DLS56-2012-120-3K-WH-Efficiency-Downlight/dp/B00TSQIKJ0/ref=sr_1_1?ie=UTF8&qid=1471892480&sr=8-1&keywords=DLS56-2012-120-3K-WH

- https://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-keywords=Nicor+DLR56+LED+Retrofit+Light+Kit&rh=i%3Aaps%2Ck%3ANicor+DLR56+LED+Retrofit+Light+Kit
- https://www.amazon.com/NICOR-Lighting-DLR56-3008-120-2K-OB-Downlight-Oil-Rubbed/dp/B01CSL4W2A/ref=sr_1_2?ie=UTF8&qid=1471892550&sr=8-2&keywords=Nicor+DLR56+LED+Retrofit+Light+Kit
- https://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-keywords=Nicor+DLR4+LED+Retrofit+Light+Kit%E2%80%9D+%23+DLR4-27-120-3K-BK
- https://www.amazon.com/Nicor-Lighting-DLR4-20-120V-3K-WH-3000K-Downlight/dp/B00IV06GYU/ref=sr_1_fkmr0_3?ie=UTF8&qid=1471892616&sr=8-3-fkmr0&keywords=Nicor+DLR4+LED+Retrofit+Light+Kit%E2%80%9D+%23+DLR4-27-120-3K-BK
- http://www.sears.com/search=nicor%20dls56%20surface%20mount%20led%20downlight
- http://www.sears.com/nicor-lighting-nicor-lighting-dls56-2009-120-3k/p-SPM16080123107?plpSellerId=Big%20Electron%20Liquidators&prdNo=2&blockNo=2&blockType=G2
- http://www.sears.com/nicor-lighting-led-flush-mount-bulb-color-temperature/p-SPM12049537815?redirectType=SKIP_LEVEL
- http://www.sears.com/search=dlr%2056-3008-120-3k-wh
- http://www.sears.com/nicor-08993-dlr56-3008-120-3k-wh/p-SPM16050889207?plpSellerId=Big%20Electron%20Liquidators&prdNo=2&blockNo=2&blockType=G2
- http://www.sears.com/nicor-lighting-dlr4-27-120-3k-bk-high/p-SPM3492010921?redirectType=SKIP_LEVEL
- https://www.google.com/#q=Nicor+Lighting&tbm=shop&spd=11132896527296803322
- https://www.google.com/shopping/product/7827823800395684630?q=Nicor+Lig

hting&rlz=1C2CHBF_enUS694US697&biw=1280&bih=595&bav=on.2,or.&bvm=bv.129759880,d.dmo&tch=1&ech=1&psi=IlG7V6iYIYqsesSFpugG.1471893794734.5&prds=hsec:online,paur:ClkAsKraXytWev3uU_ygiGwdVl-ZJ51VOyh5YGZmyLd1GWjPOsUcNszQl9XS5127ctDO3Hl1H6O_EWz5cU7UdHrhZdRTPzjOQzo1vuSyK2LxMUqehMZa_2n-vBIZAFPVH71KRTHBREZ-UssFsJsGqTdowHJIiw&ved=0ahUKEwiNpdTa39XOAhWOPB4KHW3cAFQQ2SsICw

Attached hereto as Composite Exhibit A.

17. The Accused Products have no substantially non-infringing use.

18. Plaintiff has been injured by the infringing conduct of Defendant, and is entitled to damages adequate to compensate it for such infringement.

19. Defendant's infringing conduct has caused and continues to cause irreparable injury to Plaintiff, for which remedies at law are inadequate to compensate Plaintiff. The award of a permanent injunction against further manufacture, use, sale, importation, and/or offer for sale of products that infringe any of the asserted patents is warranted.

## COUNT I
### (Infringement of U.S. Patent No. 8,201,968)

20. Plaintiff repeats and re-alleges Paragraphs 1-19 as though fully set forth herein.

21. Plaintiff is the owner by assignment of the "'968 Patent." A true and correct copy of the '968 Patent is attached hereto as Exhibit B.

22. The '968 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

23. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '968 Patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '968 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more

claims of the '968 Patent, and/or by providing actual or constructive notice to Defendant.

24. Defendant has infringed and will continue to infringe the '968 Patent by, among other activities, making, using, selling, offering to sell, and/or importing into the United States the following products which infringe one or more of Claims 1 and 20 of the '968 Patent:

    a. "Maxcor DLS Surface Mount LED Downlight" # DLS-10-120V-3K-WH;

    b. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2009-120-4K-WH; and

    c. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2012-120-3K-WH.

as detailed in the attached preliminary and exemplary infringement charts, attached hereto as Exhibit C. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or allege that other activities of Defendant infringe the identified claims of the '968 Patent or any other patents. Exhibit C is hereby incorporated by reference in its entirety. Each claim element in Exhibit C that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

25. Defendant is liable for direct infringement of the '968 Patent, pursuant to 35 U.S.C. §271(a), either literally or pursuant to the doctrine of equivalents.

26. Plaintiff has at no time either expressly or impliedly licensed Defendant to practice the '968 Patent.

27. Defendant's infringement has damaged Plaintiff and caused irreparable harm for which no adequate remedy at law exists.

28. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically,

enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '968 Patent.

## COUNT II
### (Infringement of U.S. Patent No. 8,672,518)

29.     Plaintiff repeats and re-alleges Paragraphs 1-19 as though fully set forth herein.

30.     Plaintiff LSG is the owner by assignment of the "'518 Patent."  A true and correct copy of the '518 Patent is attached hereto as Exhibit D.

31.     The '518 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

32.     To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '518 Patent, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '518 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '518 Patent, and/or by providing actual or constructive notice to Defendant.

33.     Defendant has infringed and will continue to infringe the '518 Patent by, among other activities, making, using, selling, offering to sell, and/or importing into the United States the following products which infringe at least Claim 1 of the '518 Patent:

   a. "Maxcor DLS Surface Mount LED Downlight" # DLS-10-120V-3K-WH;

   b. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2009-120-4K-WH;

   c. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2012-120-3K-WH;

   d. "Nicor DLR56 LED Retrofit Light Kit" # DLR 56-3008-120-3K-WH; and

   e. "Nicor DLR4 LED Retrofit Light Kit" # DLR4-27-120-3K-BK.

as detailed in the attached preliminary and exemplary infringement charts, Exhibit E. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or allege that

other activities of Defendant infringe the identified claims of the '518 Patent or any other patents. Exhibit E is hereby incorporated by reference in its entirety. Each claim element in Exhibit E that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

34. Defendant is liable for direct infringement of the '518 Patent pursuant to 35 U.S.C. §271(a), either literally or under the doctrine of equivalents.

35. Plaintiff has at no time either expressly or impliedly licensed Defendant to practice the '518 Patent.

36. Defendant's infringement has damaged Plaintiff and caused irreparable harm for which no adequate remedy at law exists.

37. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '518 Patent.

## COUNT III
**(Infringement of U.S. Patent No. 8,967,844)**

38. Plaintiff repeats and re-alleges Paragraphs 1-19 as though fully set forth herein.

39. Plaintiff LSG is the owner by assignment of the "'844 Patent."  A true and correct copy of the '844 Patent is attached hereto as Exhibit F.

40. The '844 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

41. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '844 Patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '844 Patent on all

goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '844 Patent, and/or by providing actual or constructive notice to Defendant.

42. Upon information and belief, Defendant has infringed and will continue to infringe the '844 Patent by, among other activities, making, using, selling, offering to sell, and/or importing into the United States the following products which infringe at least Claims 1 and 24 of the '844 Patent:

    a. "Maxcor DLS Surface Mount LED Downlight" # DLS-10-120V-3K-WH;

    b. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2009-120-4K-WH;

    c. "Nicor DLS56 Surface Mount LED Downlight" # DLS56-2012-120-3K-WH;

    d. "Nicor DLR56 LED Retrofit Light Kit" # DLR 56-3008-120-3K-WH; and

    e. "Nicor DLR4 LED Retrofit Light Kit" # DLR4-27-120-3K-BK.

as detailed in the attached preliminary and exemplary infringement charts, Exhibit G. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or allege that other activities of Defendant infringe the identified claims of the '844 Patent or any other patents. Exhibit G is hereby incorporated by reference in its entirety. Each claim element in Exhibit G that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

43. Defendant is liable for direct infringement of the '844 Patent pursuant to 35 U.S.C. §271(a), either literally or under the doctrine of equivalents.

44. Plaintiff has at no time either expressly or impliedly licensed Defendant to practice the '844 Patent.

45. Defendant's infringement has damaged Plaintiff and caused irreparable harm for which no adequate remedy at law exists.

46. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '844 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Defendant and against its respective subsidiaries, successors, parents, affiliates, offices, directors, agents, servants, and employees, and all persons in privity or active concert or participation with Defendant, granting the following relief:

A. the entry of judgment in favor of Plaintiff and against Defendant;

B. a preliminary injunction prohibiting further infringement of each of the '968 Patent, the '518 Patent and the '844 Patent by Defendant, its agents, employees, representatives, successors and assigns and those acting in privity or in concert with them;

C. a permanent injunction prohibiting further infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent by Defendant, its agents, employees, representatives, successors and assigns and those acting in privity or in concert with them;

D. an award of actual damages against Defendant for damages arising from the infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent;

E. an award of damages against Defendant for pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. §284, from the date of each act of infringement of the '968

    Patent, the '518 Patent, and the '844 Patent by Defendant to the day a damages judgment is entered and a further award of post-judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid, at the maximum rate allowed by law;

F. in the event a final injunction is not granted, an alternative compulsory ongoing royalty; and

G. such other relief to which Plaintiff is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: August 24, 2016.

/s/*Mark F. Warzecha*
Mark F. Warzecha
Florida Bar No. 95779
**WIDERMAN MALEK PL**
1990 W. New Haven Ave., Ste. 201
Melbourne, Florida 32904
Tel. (321) 255-2332
Fax (321) 255-2351
MFW@USLegalTeam.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I further certify that the foregoing document is being served this date on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            */s/ Mark F. Warzecha*
            Mark F. Warzecha