# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SEA GULL LIGHTING PRODUCTS, LLC<br>and GENERATION BRANDS, LLC,<br><br>Defendants. | Case No. 6:16-cv-338-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NICOR, INC.,<br><br>Defendant. | Case No. 6:16-cv-413-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DE ROSA LAMPARTS, LLC,<br><br>Defendant. | Case No. 6:16-cv-1087-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TECHNICAL CONSUMER PRODUCTS, INC.,<br><br>Defendant. | Case No. 6:16-cv-1255-Orl-37GJK |

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION,<br><br>Plaintiff,<br>v.<br><br>SATCO PRODUCTS, INC.,<br><br>Defendant. | Case No. 6:16-cv-1256-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br><br>Plaintiff,<br>v.<br><br>AMAX LIGHTING,<br><br>Defendant. | Case No. 6:16-cv-1321-Orl-37GJK |

## DEFENDANTS' MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW AND INCORPORATED MEMORANDUM IN SUPPORT

Defendants respectfully move this Court for an Order staying proceedings in the six above-captioned cases (the "Related Cases") pending final written decisions on *inter partes* reviews ("IPR") of the patents-in-suit by the U.S. Patent Trial and Appeal Board ("PTAB"). The PTAB already has instituted proceedings as to two of the three patents-in-suit, U.S. Patent Nos. 8,201,968 (the "'968 patent") and 8,967,844 (the "'844 patent") – finding a "reasonable likelihood" of invalidity with respect to each claim challenged in the IPR petitions. Defendants soon will be filing a petition for review of the third patent-in-suit, U.S. Patent No. 8,672,518 (the "'518 patent"), which is a continuation of the '968 patent and stems from the same provisional patent as the '968 and '844 patents. Staying litigation in the Related Cases will greatly streamline the issues before the Court. It is highly likely that the PTAB will invalidate one or more of the claims; indeed, it is likely the PTAB will invalidate every single claim challenged.

There will be no need for the Court to consider any such invalidated claims, allowing this Court to conserve judicial resources.  A stay at this early stage of litigation also will save the parties from expensive and potentially needless discovery.  And a stay will not result in any undue prejudice to Plaintiff Lighting Science Group Corp. ("LSG").  Defendants request that the Court stay the Related Cases pending final written decisions in the IPR proceedings.

## I.      BACKGROUND

### A.      The Patents-in-Suit

All three patents-in-suit concern the same basic technology: a low-profile LED fixture that uses its own ring-shaped fixture trim to dissipate heat.  *See, e.g.*, '968 Patent at Abstract; 1:21-28.  It is a very simple design.  The LED generates heat; a heat spreader transfers the heat to a heat sink; and the heat sink dissipates the heat into the air.  *See, e.g., id.* at 1:44-50, 1:59-67.  Various claims add ancillary details such as an optic or power conditioner.  *See, e.g., id.* at Claims 1-19.  One claim of the '844 patent adds the notion of an "accessory kit" – essentially, a package of loose parts for use in retrofit installation.  *See, e.g.*, '844 Patent, 5:16-19 and Claims 17-19.  The '518 patent provides nearly identical arrangements of all of these same components, including the "accessory kit" referenced in the '844 patent.[1]

All three patents-in-suit claim priority to the same provisional patent application.  All three share substantially the same specification including nearly identical figures.  All three share substantially the same claims.

### B.      Nature and Stage of the Proceedings

The Related Cases are in the earliest stages of litigation.  Issue has been joined in each case, but discovery has only just begun and that is only in some cases, not all.  Where discovery

---

[1] LSG has asserted the '968 and '844 patents against defendant Generation Brands and all three patents-in-suit (*i.e.* the '968, '844, and '518 patents) against the remaining defendants.

has commenced, it has been primarily an exchange of an initial set of written discovery, and in some cases responses to such written discovery. No depositions have been noticed or taken. The Court has scheduled the claim construction hearing to occur several months from now, in June 2017, and all other dates for discovery and trial have been terminated pending decision on this motion. (Dkt. No. 53)[2]

C.   *Inter Partes* **Reviews Were Created As Quick, Cost-Effective Alternatives To District Court Litigation.**

As the Court may be familiar, the America Invents Act created IPRs as a new form of patent dispute resolution. IPRs generally determine patent validity issues more efficiently than litigation. *See* Changes to Implement *Inter Partes* Review Proceedings, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (noting that IPR is a "timely cost-effective alternative to litigation"). The PTAB will institute an IPR only when the petitioner has a "reasonable likelihood" of proving the invalidity of at least one challenged claim. 35 U.S.C. § 314(a). Once an IPR is instituted, the PTAB generally must issue a final written decision on patent invalidity within one year. 35 U.S.C. § 316(a)(11).

D.   **IPRs Are Underway And Will Be Decided Before The Related Cases Could Be Tried.**

The PTAB instituted IPRs regarding the '968 and '844 patents on February 6, 2017. *Generations Brands LLC v. Lighting Science Grp. Corp.*, IPR2016-01478, Paper No. 8 (PTAB Feb. 6, 2017) (the "'968 Patent IPR"); *Generations Brands LLC v. Lighting Science Grp. Corp.*; IPR2016-01546, Paper No. 11 (PTAB Feb. 6, 2017) (the "'844 Patent IPR"). The '968 Patent IPR and the '844 Patent IPR challenged all claims asserted against Generation Brands; that

---

[2] All references to docket entries are based on the docket for *Lighting Science Grp. Corp. v. Sea Gull Lighting Prods. et al*, No. 6:16-cv-00338-RBD-GJK. The Court issued the same Order in each case, but the docket numbers for such entries are not listed here.

addresses all claims asserted against the other Defendants except two from each patent.  *Id.*
Defendants (except for GB) will soon be petitioning the PTAB to enlarge the scope of the '968
and '844 Patent IPRs to include all asserted claims against all Defendants and for review of the
related third asserted patent, the '518 patent.

The PTAB will issue a final written decision regarding the invalidity of nearly all
asserted claims of the '968 and '844 patents by February 2018.  35 U.S.C. §§ 316(a)(11), 318.
As to the forthcoming petition for IPR of the '518 patent and additional asserted claims of the
'968 and '844 patents, the decision whether to institute will occur during pendency of the '968
and '844 Patent IPRs.  If such IPRs are instituted, the final decision will not lag far behind the
'968 and '844 Patent IPRs because the latter IPRs were just recently instituted.  *See* 35 U.S.C. §
314(b); 77 Fed. Reg. at 48757.

With PTAB decisions expected in 2018, the claims at issue are likely to be resolved by
the IPRs before the Related Cases could advance to trial.  By way of example, the trial date for
the case against Technical Consumer Products, Inc. ("TCP") had been scheduled for October
2018 prior to consolidation and the Court's termination of the schedule pending a decision on
this motion.  Case Management and Scheduling Order, Dkt. No. 37, *Lighting Science Grp. Corp.
v. Tech. Consumer Prods.*, No. 6:16-cv-1255-Orl-37GJK.  And that is not even the latest of the
trial dates that had been set.  Therefore, IPRs will be more expeditious than litigation in this
Court – as is the objective of Congress' providing for IPRs.  77 Fed. Reg. 48680-01.

## II.    ARGUMENT

### A.    Legal Standard

It is well-established that "[c]ourts have inherent power to manage their dockets and stay
proceedings, including the authority to order a stay pending conclusion of a PTO [administrative
proceeding]."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation

omitted).  The moving party bears the burden of demonstrating that a stay is warranted.  *CANVS Corp. v. Nivisys, LLC*, No. 2:14–cv–99–FtM–38DNF, 2014 WL 6883123, at *1 (M.D. Fla. Dec. 5, 2014).  When deciding a motion to stay, this Court considers the following factors: whether (1) discovery is complete and a trial date has been set, *i.e.*, the progress of the litigation; (2) a stay will simplify the issues in question for trial of the case; and also (3) would the stay unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *Id.* at *2.

Courts routinely grant motions to stay where an asserted patent is the subject of an IPR. *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 4431574, at *3 (M.D. Fla. Aug. 22, 2016).  In fact, "courts have been <u>nearly uniform</u> in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *Id.* (emphasis added, internal citations and quotations omitted). This is especially true in light of the Federal Circuit's decision in *VirtualAgility Inc. v. Salseforce.com, Inc.*, in which the Court reversed the district court's denial of a motion to stay under the abuse of discretion standard (*i.e.*, the most lenient of standards).  759 F.3d 1307, 1310 (Fed. Cir. 2014).  The Federal Circuit found that the district court had improperly denied the stay given that the PTAB had instituted an IPR of the patent-in-suit, and the case was far from decision, *i.e.*, with eight months left for discovery and jury selection more than one year away. *Id.* at 1310-1320.  Courts also have stayed cases prior to PTAB's instituting an IPR, citing the significant number of benefits to be gained from the PTAB's expertise.  *Patent Asset Licensing*, 2016 WL 4431574, at *3.  These benefits include "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties."  *Id.* (citations omitted).

**B.      A Stay is Appropriate Because The Litigation Is In Its Earliest Stages, IPRs Will Simplify Issues, and There Is No Undue Prejudice.**

The Related Cases meet each factor used to determine whether to stay this litigation: the litigation has only just begun; the PTAB's determinations will eliminate some or all claims, and simplify any remaining issues for the Court to decide; and LSG will not suffer any undue prejudice as a result of the stay, particularly in light of the fact that it has not moved for immediate relief in any of the Related Cases.

**1.      Discovery Has Just Begun And No Trial Date Has Been Set.**

In the Related Cases, the parties have just begun written discovery, claim construction has not yet occurred, and the Court has not set discovery deadlines or a trial date.[3]  (Dkt. No. 53) Based on the Case Management Orders entered in the Related Cases prior to consolidation, discovery deadlines are likely over a year away.  (*See, e.g.*, Case Management and Scheduling Order, Dkt. No. 37, *Lighting Science Grp. Corp. v. Tech. Consumer Prods.*, No. 6:16-cv-1255-Orl-37GJK (setting February 8, 2018 fact discovery deadline and March 8, 2018 expert discovery deadline).)  This factor weighs heavily in favor of staying the Related Cases.

Indeed, courts have found that a stay was warranted even where parties were several months further along in discovery than in the Related Cases.  For example, in *VirtualAgility*, the Federal Circuit reversed the denial of a stay where the parties had eight months remaining in discovery.  759 F.3d at 1317.  Likewise, this Court granted a stay where there were eight months left until the close of discovery.  *Automatic Mfg. Sys., Inc. v. Primera Techs., Inc.*, No. 6:12–cv–1727–Orl–37DAB, 2013 WL 6133763, at *4 (M.D. Fla. May 13, 2013).

---

[3]  District courts examine the "stage of litigation" factor as of the "date of the filing of the motion to stay," not the date the court rules on the motion to stay.  *VirtualAgility*, 759 F.3d at 1316.

Courts have likewise granted motions to stay when litigation is in the early stages of claim construction proceedings and even when the parties had advanced beyond briefing to filing the joint claim construction statement.  *See id*.; *Patent Asset Licensing*, 2016 WL 4431574, at *4 ("courts in this Circuit have stayed litigation even after…a joint claim construction statement has been filed") (citations omitted).  Courts have even granted stays where defendants moved after claim construction hearings.  *Click-To-Call Techs. LP v. Oracle Corp.*, No. A-12-CA-468-SS, 2013 WL 12121528, at *7 (W.D. Tex. Nov. 26, 2013).

In the Related Cases, a claim construction hearing will not occur for more than three months.  (Dkt. No. 53)  No deadlines are set for completing discovery or trial (*id*.), but any such dates would extend well into the last quarter of 2018 based on the Court's Case Management Orders entered prior to consolidation.  *See, e.g.,* Case Management and Scheduling Order, Dkt. No. 37, *Lighting Science Grp. Corp. v. Tech. Consumer Prods.*, No. 6:16-cv-1255-Orl-37GJK (setting an October 1, 2018 trial date).  Thus, the Related Cases are "still at [their] infancy, which favors granting the stay."  *VirtualAgility*, 759 F.3d at 1317.

## 2.    Staying Litigation Will Dispose of or Simplify The Issues For Trial.

Staying litigation in the Related Cases will greatly simplify the scope and number of issues before this Court at trial, if any remain after the PTAB's review.  IPRs either result in the invalidity of claims being reviewed, or if claims are not invalidated, then an IPR at least sheds light on the validity of asserted claims and narrows or removes particular issues from trial entirely.  *See Patent Asset Licensing*, 2016 WL 4431574, at *3.  Any claims that the PTAB invalidates can no longer be asserted against the Defendants.  *See* 37 C.F.R. § 42.80.  A litigation stay pending resolution of the IPRs will aid this Court by resolving issues efficiently.  *CANVS Corp.*, 2014 WL 6883123, at *3.

Particularly given the similarities among all three patents-in-suit, PTAB review of the petitions will simplify the issues before the Court and could potentially cancel every asserted claim, disposing of the Related Cases entirely.  *See* 37 C.F.R. § 42.80 (PTO "will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable"). Further, other courts in this District have found that even if the PTAB were not to cancel all asserted claims, the court would still benefit from the "recognized legal and technical expertise" of the PTAB in addressing challenged claims and relevant prior art, including the benefit of the PTAB's claim interpretations for consideration in the Court's own claim construction.  *CANVS Corp.*, 2014 WL 6883123, at *3; *Patent Asset Licensing*, 2016 WL 4431574, at *4.  Courts also have noted the additional insight to be gained from the PTAB's final written decisions that address the unpatentability arguments.  *CANVS Corp.*, 2014 WL 6883123, at *3.

A stay is proper even where a PTO proceeding addresses fewer than all asserted claims. *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371-72 (Fed. Cir. 2014) (vacated on other grounds).  As this Court has recognized, "[i]f the PTAB invalidates some of the asserted claims, this Court will have fewer claim terms to construe and analyze for infringement." *Patent Asset Licensing*, 2016 WL 4431574, at *4 (citation and quotations omitted) (granting a stay pending resolution of IPRs challenging fewer than all asserted claims). Therefore, a stay will narrow both the scope and number of issues before the Court –even before taking into account the PTAB's review of the asserted claims not challenged in the '968 and '844 Patent IPRs that Defendants will be seeking.

### 3.      Staying Litigation Will Not Unduly Prejudice LSG.

LSG will not be unduly prejudiced by a stay of the Related Cases.[4]  Courts have found

---

[4]  Although some courts refer to this factor as assessing whether "no clear tactical disadvantage" would result from the stay, it is treated substantively the same as no "undue prejudice."

undue prejudice only in cases far different from the Related Cases, such as stays being sought after summary judgment or where stays were time-barred. Such is not the case here. Moreover, mere delay of litigation does not constitute undue prejudice, and this is even more clear where, as in the Related Cases, Plaintiff itself has not proceeded expeditiously with asserting its claims.

The circumstances in which undue prejudice has been found are far different from the Related Cases. For example, the Federal Circuit found a clear tactical disadvantage where the defendant moved for a stay after filing summary judgment motions. *Smartflash LLC v. Apple Inc.*, 621 Fed. Appx. 995, 1003 (Fed. Cir. 2015). There, the Federal Circuit was concerned with allowing the defendant to make the same argument in two different arenas. *Id.* In *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, this Court found undue prejudice in granting a motion to stay where an IPR was likely statutorily barred by 35 U.S.C. § 315(a)(1). No. 5:12–cv–366–Oc–10PRL, 2013 WL 6050744, at *3 (M.D. Fla. Nov. 15, 2013). In contrast, the Related Cases would be stayed at the very early stages of discovery, with timely-filed IPRs and well before full-blown discovery has been conducted or summary judgment motions have been filed. Thus, there is no risk of Defendants' having two chances to make a particular argument.

As is obvious, any stay results in a delay of litigation, but courts have routinely found that "[m]ere delay in the litigation does not establish undue prejudice." *CANVS Corp.*, 2014 WL 6883123, at *5 (citations and quotation omitted). Where, as here, monetary damages are available if the claims were to be proven, that remedy "is sufficient to protect [LSG] from prejudice." *Patent Asset Licensing*, 2016 WL 4431574, at *3 (citations and internal quotations omitted); *see also Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13–cv–3004–T–33MAP, 2014 WL 4059886, at *3 (M.D. Fla. Aug. 14, 2014) ("Defendants correctly counter that…any damages [plaintiff] incurs may be remediated with money damages."). While granting a stay

could delay LSG's realization of any monetary or injunctive remedies if it were to be successful at trial, that delay would not cause it undue prejudice.  *See VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.").

 Further, LSG's actions related to the present dispute indicate that it is in no particular rush to resolve this litigation.  Notably, LSG has not sought a preliminary injunction, which is further evidence that a stay will not cause undue prejudice.  *Id.* at 1319; *see also Andersons*, 2014 WL 4059886, at *3; *Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, No. 14–1192–LPS–CJB, 2015 WL 1737476, at *4 n.9 (D. Del. Apr. 9, 2015) (finding plaintiff's failure to seek preliminary injunction was evidence of no undue prejudice).

Additionally, LSG's delay of years following issuance of the patents-in-suit (or the accused products' entry into the market) before LSG commenced this litigation further evinces that time is not of the essence for LSG, weighing against finding any undue prejudice.  *See VirtualAgility*, 759 F.3d at 1319 (finding that, where plaintiff waited nearly a year after the patent-in-suit issued before it filed suit against Defendants, this "weigh[s] against [plaintiff's] claims that it will be unduly prejudiced by a stay").

Unlike LSG, Defendants have been diligent in seeking a stay, doing so less than a month after the first PTAB decisions.  Defendants' quick action indicates a lack of "dilatory motive." *See id.*  Courts have found no tactical disadvantage in defendants' moving to stay one month after the PTAB instituted an IPR.  *See, e.g.*, *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 359 (D. Mass. 2015) (finding that a motion to stay approximately one month after the PTAB

instituted the IPRs "was not unreasonable and does not presumptively place [plaintiff] at a tactical disadvantage").

Undue prejudice also does not exist simply because the parties all sell LED lamps. *VirtualAgility*, 759 F.3d at 1318.  Likewise, here, the mere fact that the parties occupy the same business space does not justify finding undue prejudice, nor does any other factor that would weigh against a stay of the Related Cases.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion to Stay Litigation pending the resolution of the IPRs on the patents-in-suit.

Dated: February 27, 2017

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Counsel for Nicor, Richard Krukar (on behalf of all Defendants for this purpose) conferred with counsel for Plaintiff, Mark Warzecha, on February 23, 2017, but the parties were not able to agree on the relief being sought by this Motion.

| | |
|---|---|
| **Counsel for Defendants Sea Gull Lighting Products, LLC and Generation Brands, LLC**<br><br>/s/ *Timothy R. Shannon*<br>Timothy R. Shannon (admitted *pro hac vice*)<br>Seth S. Coburn (admitted *pro hac vice*)<br>Taylor R. Neff (admitted *pro hac vice*)<br>VERRILL DANA, LLP<br>One Portland Square<br>Portland, ME 04112-0586<br>Tel: (207) 774-4000<br>tshannon@verrilldana.com<br>scoburn@verrilldana.com<br>tneff@verrilldana.com<br><br>Michael D. Crosbie, Esq.<br>Florida Bar No. 72575<br>SHUTTS & BOWEN LLP<br>300 South Orange Avenue, Suite 1000<br>Orlando, Florida 32801<br>Tel.: (407) 835-6796<br>mcrosbie@shutts.com | **Counsel for Defendant Nicor, Inc.**<br><br>/s/ *Richard Krukar*<br>Richard Krukar (admitted *pro hac vice*)<br>ORTIZ & LOPEZ PLLC<br>117 Bryn Mawr Dr. S.E.<br>Albuquerque, NM 87111<br>Tel: (505) 314-1310<br>krukar@olpatentlaw.com<br><br>Alberto A. León, FL Bar No. 0169870<br>LAW OFFICE OF STEWART A MERKIN, P.A. (Of Counsel)<br>174 N.E. 96th St.<br>Miami, Florida 33138<br>Tel.: (305) 357-5556 |
| **Counsel for Defendant American De Rosa Lamparts, LLC**<br><br>/s/ *Kyle E. Hhart*<br>Kyle E. Hart (admitted *pro hac vice*)<br>333 South 7th Avenue, Suite 2600<br>Minneapolis, MN  55402<br>612-359-7600<br>khart@fwhtlaw.com<br><br>John H. Rains III (Florida Bar #280283)<br>501 E. Kennedy Blvd., Suite 750<br>Tampa, FL 33602-5239<br>(813) 221-2777<br>jrains@johnrains.com | **Counsel for Defendant Technical Consumer Products, Inc.**<br><br>/s/ *James S. Toscano*<br>James S. Toscano<br>Florida Bar No. 899909<br>LOWNDES, DROSDICK, DOSTER, KANTOR & REED, P.A.<br>215 North Eola Drive<br>Post Office Box 2809<br>Orlando, Florida 32802-2809<br>Tel.: (407) 843-4600<br><br>Stacie R. Hartman (admitted *pro hac vice*)<br>Jason Harp (admitted *pro hac vice*)<br>SCHIFF HARDIN LLP<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 258-5607<br>shartman@schiffhardin.com<br>jharp@schiffhardin.com |

| Counsel for Defendant Satco Products, Inc. | Counsel for Defendant Amax Lighting |
|---|---|
| */s/ Timothy M. Nitsch*<br>Robert S. Rigg (admitted *pro hac vice*)<br>Timothy M. Nitsch (admitted *pro hac vice*)<br>VEDDER PRICE P.C.<br>222 N. LaSalle St., Suite 2600<br>Chicago, Illinois  60601<br>Tel.:  (312) 609-7500<br>rrigg@vedderprice.com<br>tnitsch@vedderprice.com<br><br>Robert Lynn<br>Stephen Livingston<br>LYNN, GARTNER, DUNNE & COVELLO, LLP<br>330 Old Country Road, Suite 103<br>Mineola, New York 11501<br>rplynn@lgdcllp.com<br>swlivingston@lgdcllp.com | */s/ Tommy Songfong Wang*<br>Tommy Songfong Wang (admitted *pro hac vice*)<br>California Bar No. 272409<br>Leontyne Fan (admitted *pro hac vice*)<br>California Bar No. 285042<br>WANG IP LAW GROUP, P.C.<br>18645 E. Gale Ave., Suite 205<br>Industry, CA 91748<br>Tel.:  (888) 827-8880<br>twang@TheWangIPLaw.com<br>lfan@TheWangIPLaw.com<br><br>Garrett A. Barten<br>Elissa A. Tisdah<br>CHRISTOPHER & WEISBERG, P.A.<br>200 East La Olas Blvd., Suite 2040<br>Fort Lauderdale, FL 33301<br>Tel.: (954) 828-1488<br>Email: gbarten@cwiplaw.com<br>Email: etisdahl@cwiplaw.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2017, I filed a copy of the foregoing document with the Clerk of the Court for the United States District Court for the Middle District of Florida, Orlando Division using the CM/ECF system which will electronically notify all counsel or parties of record.

*/s/ Richard Krukar*
Richard Krukar

14