# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 6:16-cv-413-Orl-RBD-GJK |
| NICOR, INC. | |
| Defendant. | |
| LIGHTING SCIENCE GROUP CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 6:16-cv-1087-Orl-RBD-GJK |
| AMERICAN DE ROSA LAMPARTS, LLC | |
| Defendant. | |
| LIGHTING SCIENCE GROUP CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 6:16-cv-1256-Orl-RBD-GJK |
| SATCO PRODUCTS, INC. | |
| Defendant. | |
| LIGHTING SCIENCE GROUP CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 6:16-cv-1255-Orl-RBD-GJK |
| TECHNICAL CONSUMER PRODUCTS, INC. | |
| Defendant. | |

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 6:16-cv-1321-Orl-RBD-GJK ) |
| AMAX LIGHTING | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION

Plaintiff, LIGTHING SCIENCE GROUP CORPORATION (hereinafter referred to as "LSGC" and/or "Plaintiff"), by and through its undersigned counsel, hereby submits its memorandum in opposition to Defendants', NICOR, INC., AMERICAN DE ROSA LAMPARTS, LLC, SATCO PRODUCTS, INC., TECHNICAL CONSUMER PRODUCTS, INC. and AMAX LIGHTING (hereinafter collectively referred to as "Defendants"), in the above-captioned cases (the "Related Cases") Motion to Stay Litigation (Dkt. 86)[1] Subsequent to a mediated settlement, on March 8, 2017, this Court dismissed, with prejudice, the case against SEA GULL LIGHTING PRODUCTS, LLC and GENERATION BRANDS, LLC ("GB") (Dkt. 58). The previously-instituted *inter partes* review (IPR) proceedings (the "IPR Proceedings"), which is the sole basis for the Defendants' Motion to Stay, for two of the patents-in-suit, U.S. Patent Nos. 8,201,968 (the "'968 patent") and 8,967,844 (the "'844 patent) were instituted at the request of former Defendant GB, who has agreed, as part of its settlement agreement with Plaintiff, to file a Joint Motion to

---

[1] All references to docket entries are based on the docket for *Lighting Science Grp. Corp. v. Nicor, Inc., Case No. 6:16-cv-413-Orl-RBD-GJK* except the docket entry dismissing the *GB* action. The identical Motion was filed in each case, but the docket numbers for such entries are not listed here (the "Related Cases").

2

Terminate the IPR Proceedings[2]. The litigation between LSGC and GB has been dismissed, and GB is no longer party to the Related Cases (Dkt. 58). It is highly likely the Patent Trial and Appeals Board ("PTAB") will authorize the filing of such a motion, and that the IPR Proceedings will accordingly be terminated[3]. As such, assuming a new petition for IPR is filed tomorrow, it will be approximately six months until a new IPR request could possibly be granted. Furthermore, in spite of the Defendants' statements in the Motion to Stay Litigation (Dkt. 86), there has been no request for IPR for the third patent-in-suit, U.S. Patent No. 8,672,518 (the "'518 patent"),

I. **Background**

  A.    **The Patents-in-Suit**

All three patents-in-suit are directed to a low-profile LED fixture that includes a variety of novel features, novel features that were embodied in products brought to the market by Plaintiff. Since then, a plethora of direct competitors, including Defendants, brought products to market that practice the novel features claimed in the patents-in-suit.

  B.    **Timeline of IPRs**

Any party other than the owner of a patent may petition for IPR. *See* Changes to Implement *Inter Partes* Review Proceedings, 77 Fed. Reg. 48680-01. (Aug. 14, 2012). Upon filing a petition, the patent owner may file a preliminary response to the petition within three months. *Id*. Generally, a decision on the petition is made within three months after the filing of the preliminary response. *See* Office Patent Trial Practice Guide, 77 Fed. Reg. 48757. (Aug. 14, 2012).

---

[2] The terms of the settlement agreement between LSGC and GB are confidential. However, LSGC will file a copy of the settlement agreement with the Court under seal, at the Court's direction.
[3] While not certain, the IPR Proceedings are highly likely to be terminated due to the early stage of the IPR Proceedings and that it is highly unlikely the PTAB would continue the IPR Proceedings over the request of LSGC and GB to terminate same.

### C. The IPR Proceedings Are Likely to be Terminated

The IPR Proceedings were instituted on February 6, 2017. *Generations Brands LLC v. Lighting Science Grp. Corp.*, IPR2016-01478, Paper No. 8 (PTAB Feb. 6, 2017) (the "'968 Patent IPR"); *Generations Brands LLC v. Lighting Science Grp. Corp.*; IPR2016-01546, Paper No. 11 (PTAB Feb. 6, 2017) (the "'844 Patent IPR"). As noted byDefendants, not all claims asserted against Defendants were either included in GB's original request or included within the scope of the IPR Proceedings. Additionally, to date, no additional petitions have been filed that might have enlarged the scope of the IPR Proceedings to include the additional claims related to the Defendants other than GB.

## II. ARGUMENT

### A. Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a USPTO administrative proceeding. *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *1 (M.D. Fla. May 13, 2013) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)) Litigation and IPR are not conflicting concepts, and as such may continue in parallel. *CANVS Corp. v. United States*, 118 Fed. Cir. 587, 592 (2014) (citing *Ethicon*, 849 F.2d at 1427). The party moving for a stay bears the burden of demonstrating that such relief is warranted. *CANVS Corp. v. Nivisys, LLC*, No. 2:14-CV-99-FTM-38DNF, 2014 WL 6883123, at *1 (M.D. Fla. Dec. 5, 2014). Such showing must be based on more than the mere fact that a petition for IPR was filed. *CANVS*, 118 Fed. Cir. at 592. When deciding a motion to stay, courts consider the following non-exhaustive factors: (1) whether a stay will simplify the issues in question for trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether the stay would

unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Automatic Mfg. Sys.* 2013 WL 1969247 at *2.

"A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *Id.* at *1. *See also Datatreasury Corp. v. Wells Fargo & Co.*, F.Supp.2d 749, 755 (E.D.Tex.2006). The decision of whether to stay is affected by the scope of the review. *Id*. at *2. Furthermore, courts typically do not base decisions to stay on speculation as to the likelihood that the PTO will accept review or ultimately cancel one or more claims. *CANVS*, 118 Fed. Cl. at 594.

### B. A Stay is Premature Because The Issues Will Not Be Simplified and a Stay Would Unduly Prejudice LSGC

Staying litigation in the Related Cases will not simplify issues for trial and will cause undue prejudice to LSGC. Although early in the proceedings, the other factors in deciding whether to grant a Motion to Stay Litigation weigh so heavily against that the Court should deny the Motion. The IPR Proceedings are likely to be terminated, and as such a stay would be premature. Additionally, granting a stay would unduly prejudice LSGC as the petitioner for the IPR Proceedings is no longer party to the litigation, and as such the typical estoppel benefits from an IPR will not be enjoyed by LSGC, as well as unreasonably delaying litigation absent a pending IPR proceeding.

#### i. After Termination of the IPR Proceedings, There Will Be No Pending IPRs On Any Patent-in-Suit

As mentioned above, LSGC and GB will file a Joint Motion to Terminate the IPR Proceedings on or before March 15, 2017. When the PTAB terminates the IPR Proceedings, as LSGC expects them to do, the sole basis for Defendants' Motion to Stay Litigation will be obviated. "[A] stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO." *Automatic Mfg.*, 2013

WL 1969247 at *3. In this case, there would be even less motivation to stay litigation than in *Automatic Mfg.*, as the termination of the IPR proceedings would result in there not even being a pending petition for IPR, merely an intention to do so, which is the present status of the '518 Patent. Staying litigation at this point, in light of the status of the IPR Proceedings, would be premature.

### ii. Staying Litigation Will Unduly Prejudice LSGC

When determining whether staying litigation will unduly prejudice the non-moving party, the court should consider: a) the timing of the request for IPR; b) the timing of the request for stay; c) the status of the IPR proceedings, and d) the relationship of the parties. *CANVS*, 188 Fed. Cl. at 596. Overwhelmingly, the status of the IPR proceedings and the relationship of the parties weigh in favor of not granting the stay. As mentioned previously, the IPR Proceedings are highly likely to be terminated, and an IPR petition has not even been filed for the '518 Patent.

Furthermore, the Defendants are direct competitors with LSGC. Courts have found that "infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013) (*accord CANVS*, 188 Fed. Cl. at 596-597). Non-moving parties that are direct competitors with moving parties are more likely to lose market share. *CANVS*, 188 Fed.Cir. at 597.

### iii. Estoppel from IPR Will Not Apply

Notwithstanding the above, should the IPR Proceedings proceed, LSGC will be unduly prejudiced by not enjoying the estoppel benefits of IPR. A petitioner seeking *inter partes* review is subject to a statutory estoppel requirement that precludes the petitioner from asserting invalidity in a subsequent lawsuit "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2). "This critical limitation results in a more streamlined litigation and reduces the likelihood of inconsistent judgments." *Canvs*, 188 Fed. Cl.

at 594 (quoting *PersonalWeb Tech., LLC v. Google, Inc.*, No. 5:13–cv–1317–EJD, 2014 WL 4100743, at *5 (N.D.Cal. Aug. 20, 2014); *accord TAS Energy, Inc. v. San Diego Gas & Elec. Co.,* No. 2:13-cv-2777-GPC(BGS), 2014 WL 794215, at *4 (S.D.Cal. Feb. 26, 2014) ("Even if all the asserted claims survive *inter partes* review, the case could be simplified because [d]efendant would be bound by the estoppel provisions ... and could not raise any arguments it raised or reasonably could have raised at the PTO in its petition."). As GB is no longer party to the litigation, the statutory estoppel limitation will not apply to this case as GB is no longer a defendant, and the Defendants have not agreed to be bound to the same scope of statutory estoppel as GB would have been as the other Defendants were not parties to the pending IPR Proceedings. Defendants would be free to present the same arguments to this Court that were, or could have been, raised by GB with the PTAB. This defeats one of the intended benefits of IPR. *Id*. Accordingly, granting a stay will unduly prejudice LSGC.

**III. CONCLUSION**

The Defendants have not presented this Court with any alternative basis to issue a stay other than the pending IPR Proceedings. Because the IPR Proceedings will likely be dismissed and because no other Defendant has filed its own petition for IPR, despite having more than ample time to do so, Plaintiff respectfully requests the Court deny Defendants' Motion to Stay Litigation and for all other relief just and proper in the premises.

DATED: March 10, 2017                                    Respectfully submitted,

*/s/ Mark F. Warzecha*
Mark F. Warzecha
Email: mfw@uslegalteam.com
**WIDERMAN MALEK, PL**
199 West New Haven Ave., Suite 201
Melbourne, FL 32904
Phone: (321) 255-2332
Fax: (321) 255-2351
**Attorneys for Lighting Science Group Corporation**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 10, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system. I further certify that the foregoing document is being served this date on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Mark F. Warzecha*
Mark F. Warzecha