# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION,<br>        Plaintiff,<br>    v.<br>NICOR, INC.,<br>        Defendant. | Case No. 6:16-cv-413-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br>        Plaintiff,<br>    v.<br>AMERICAN DE ROSA LAMPARTS, LLC,<br>        Defendant. | Case No. 6:16-cv-1087-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br>        Plaintiff,<br>    v.<br>TECHNICAL CONSUMER PRODUCTS, INC.,<br>        Defendant. | Case No. 6:16-cv-1255-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br>        Plaintiff,<br>    v.<br>SATCO PRODUCTS, INC.,<br>        Defendant. | Case No. 6:16-cv-1256-Orl-37GJK |
| LIGHTING SCIENCE GROUP CORPORATION,<br>        Plaintiff,<br>    v.<br>AMAX LIGHTING,<br>        Defendant. | Case No. 6:16-cv-1321-Orl-37GJK |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY
LITIGATION PENDING *INTER PARTES* REVIEW
<u>AND INCORPORATED MEMORANDUM IN SUPPORT</u>**

Defendants' motion to stay proceedings pending final written decisions on *inter partes* reviews ("IPR") of the patents-in-suit by the U.S. Patent Trial and Appeal Board ("PTAB") (Dkt. No. 86) should be granted. The PTAB had already instituted IPRs as to two of the three patents in suit, U.S. Patent Nos. 8,201,968 (the "'968 patent") and 8,967,844 (the "'844 patent")—finding a "reasonable likelihood" of invalidity with respect to each challenged claim. The remaining patent in suit, U.S. Patent No. 8,672,518 (the "'518 patent") is related to the '968 and '844 patents, and is based on a nearly identical specification and claims an accessory kit that is similar to the '844 patent. The fact that Plaintiff Lighting Science Group ("LSG") eliminated the pending IPRs by settling with the petitioner, Generations Brands, LLC, does not affect the remaining bases for Defendants' motion. As noted, Defendants are filing IPR petitions of the '968, '844, and '518 patents in a little over two weeks and no later than April 18, 2017 (one of the Defendant's bar dates). The '968 and '844 petitions will use the same arguments presented in the previously instituted proceedings, along with additional arguments. By using at least the same arguments on which the PTAB determined there was a reasonable likelihood of invalidity, Defendants are ensuring that the bases for the PTAB's instituting the IPRs are included. Thus, there is every reason to believe that the PTAB will grant new IPR proceedings based on Defendants' petitions.

Many courts stay litigation even where there is no information as to the likelihood of the PTAB's instituting review. As was the case before the prior IPR proceedings were terminated, staying litigation in the present case will eliminate or at the least greatly streamline the issues before the Court. It is highly likely that the PTAB will invalidate

claims on which these lawsuits are based. There will be no need for the Court to consider any such invalidated claims, allowing this Court to conserve judicial resources.

**DEFENDANT'S NEW IPR FILINGS**

In a little over two weeks and no later than April 18, 2017, Defendants will petition the PTAB to institute IPR proceedings for the '968 Patent and '844 Patent using the same prior art and arguments used in the previous IPRs along with additional arguments to include all claims asserted against Defendants and for review of the related third asserted patent, the '518 patent. It stands to reason that these filings will result in the institution of IPRs of the '968 and '844 patents because the same arguments have already resulted in the institution of IPRs against those patents.

As for timing, and based on the statutory time requirements explained in Defendants' motion to stay (Dkt. No. 86), the PTAB will likely issue final written decisions regarding the '968, '844 and '518 patents by early fourth quarter of 2018. 35 U.S.C. §§ 316(a)(11), 318. This makes it likely that the claims at issue will be resolved by the IPRs before the present case may advance to trial and post-trial motions would be resolved. By way of example, the trial date had been scheduled for September 2018 prior to consolidation and the Court's termination of the schedule pending on this motion. If the Court were to not stay the case and issue a new schedule, a trial may not be scheduled until later in the fourth quarter of 2018 or 2019, or final judgment not entered until then. Therefore, with the decision of the PTAB most likely coming before final judgment, staying the present case until the PTAB's decision will streamline the judicial process while also conserving judicial recourses.

**THERE IS NO UNCERTAINTY REGARDING INSTITUTION**

In light of the PTAB's already having instituted the previously-filed IPRs, there is virtually no uncertainty that the new petitions (based on the same patents, the same prior art,

and the same arguments[1] that resulted in the previous institution of the IPRs), will be instituted. Thus, this case stands in stark contrast to the Court's denial of a stay on the basis of an IPR having been filed but not yet instituted. *Automatic Mfg. Sys., Inc. v. Primera Techs., Inc.*, No. 6:12–cv–1727–Orl–37DAB, 2013 WL 1969247.[2]

### STAYING LITIGATION PRIOR TO THE PTAB'S INSTITUTING THE IPRS IS NEITHER NOVEL NOR UNUSUAL.

Courts have stayed cases prior to the institution of an IPR by the PTAB, primarily on the basis of the numerous benefits to be had, including judicial efficiency and obtaining the PTAB's unique experience. *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 4431574 (M.D.F.L. 2016). As a sister court stated:

> "[C]ourts in the Eleventh Circuit have also stayed cases before the PTAB has decided whether to institute an inter partes review, noting the "concrete, numerous, and well-recognized benefits of resort to the PTO" as "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties."

*Id.* at 3 (collecting cases that stayed litigation prior to institution of the IPR; emphasis in original); *see also Trex Property AB v. Adaptive Micro Systems, LLC*, No. 16 C 5667, 2017 WL 372311 (N.D. Ill. Jan. 26, 2017) (staying litigation where PTAB's latest decision whether to institute IPR was not due for five months from the hearing date, on the basis that the stay simplified the issues; discovery was not completed; trial had not been scheduled; a lack of undue prejudice; and decreased litigation burden).

---

[1] Defendants will include additional arguments and prior art to supplement and buttress the previously successful petition.

[2] The Court ultimately granted the stay following institution of the IPR. *See Automatic Mfg. Sys., Inc. v. Primera Techs., Inc.*, No. 6:12-cv-1727-Orl-37DAB, 2013 WL 6133763, at *4 cited in Motion to Stay at 7 (inadvertently citing the wrong date of the decision; the correct date is Nov. 21, 2013).

Here, a stay is even more highly favored because there are no discovery timelines or trials scheduled and because it is nearly certain that the PTAB will institute the IPRs. The certainty of institution in the current matter indicates a substantial probability of simplified issues, streamlined trials, and lesser burden of litigation.

**LSG HAS NOT ADDRESSED DEFENDANTS' OTHER BASES.**

Because LSG has not addressed several of the arguments Defendants made in the Motion to Stay (*e.g.*, that LSG has not sought injunctive relief or otherwise moved with alacrity, making a delay in any proceedings that would remain after the IPRs not unduly prejudicial to LSG), Defendants will not repeat such arguments here.

Based on the foregoing and the reasons presented in Defendants' motion to stay, Defendants respectfully request the Court to immediately stay the current litigation until after the final resolution of the IPRs that are being filed. If the Court so desires, Defendants will confirm the filing of their IPRs in a little over two weeks.

Dated: March 27, 2017

| **Counsel for Defendant Nicor, Inc.** | **Counsel for Defendant American De Rosa Lamparts, LLC** |
|---|---|
| /s/ *Richard Krukar* <br> Richard Krukar (*pro hac vice*) <br> ORTIZ & LOPEZ PLLC <br> 117 Bryn Mawr Dr. S.E. <br> Albuquerque, NM 87111 <br> Tel: (505) 314-1310 <br> krukar@olpatentlaw.com <br><br> Alberto A. León, FL Bar No. 0169870 <br> LAW OFFICE OF STEWART A. MERKIN, P.A. <br> (Of Counsel) <br> 174 N.E. 96th St. <br> Miami, Florida 33138 <br> Tel: (305) 357-5556 | /s/ *Kyle E. Hart* <br> Kyle E. Hart (admitted *pro hac vice*) <br> FABYANSKE, WESTRA, HART & THOMSON, P.A. <br> 333 South 7th Avenue, Suite 2600 <br> Minneapolis, MN 55402 <br> Tel: (612) 359-7600 <br> khart@fwhtlaw.com <br><br> John H. Rains III (Florida Bar #280283) <br> 501 E. Kennedy Blvd., Suite 750 <br> Tampa, FL 33602-5239 <br> Tel: (813) 221-2777 <br> jrains@johnrains.com |

| | |
|---|---|
| **Counsel for Defendant Technical Consumer Products, Inc.**<br><br>*/s/ James S. Toscano*<br>James S. Toscano<br>Florida Bar No. 899909<br>LOWNDES, DROSDICK, DOSTER, KANTOR & REED, P.A.<br>215 North Eola Drive<br>Post Office Box 2809<br>Orlando, Florida 32802-2809<br>Tel: (407) 843-4600<br><br>Stacie R. Hartman (*pro hac vice*)<br>Jason Harp (*pro hac vice*)<br>SCHIFF HARDIN LLP<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 258-5607<br>shartman@schiffhardin.com<br>jharp@schiffhardin.com | **Counsel for Defendant Satco Products, Inc.**<br><br>*/s/ Timothy M. Nitsch*<br>Robert S. Rigg (*pro hac vice*)<br>Timothy M. Nitsch (*pro hac vice*)<br>VEDDER PRICE P.C.<br>222 N. LaSalle St., Suite 2600<br>Chicago, Illinois 60601<br>Tel: (312) 609-7500<br>rrigg@vedderprice.com<br>tnitsch@vedderprice.com<br><br>Robert Lynn<br>Stephen Livingston<br>LYNN, GARTNER, DUNNE & COVELLO, LLP<br>330 Old Country Road, Suite 103<br>Mineola, New York 11501<br>rplynn@lgdcllp.com<br>swlivingston@lgdcllp.com |
| **Counsel for Defendant Amax Lighting**<br><br>*/s/ Tommy Songfong Wang*<br>Tommy Songfong Wang (*pro hac vice*)<br>California Bar No. 272409<br>Leontyne Fan (*pro hac vice*)<br>California Bar No. 285042<br>WANG IP LAW GROUP, P.C.<br>18645 E. Gale Ave., Suite 205<br>Industry, CA 91748<br>Tel.: (888) 827-8880<br>twang@TheWangIPLaw.com<br>lfan@TheWangIPLaw.com<br><br>Garrett A. Barten<br>Elissa A. Tisdah<br>CHRISTOPHER & WEISBERG, P.A.<br>200 East La Olas Blvd., Suite 2040<br>Fort Lauderdale, FL 33301<br>Tel.: (954) 828-1488<br>Email: gbarten@cwiplaw.com<br>Email: etisdahl@cwiplaw.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2017, I filed a copy of the foregoing document with the Clerk of the Court for the United States District Court for the Middle District of Florida, Orlando Division using the CM/ECF system which will electronically notify all counsel or parties of record.

*/s/ Richard Krukar*
Richard Krukar

