**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) NICOR, INC. ) ) Defendant. ) | Civil A. No. 6:16-cv-413-Orl-RBD-GJK |
| LIGHTING SCIENCE GROUP CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) AMERICAN DE ROSA LAMPARTS, LLC ) ) Defendant. ) | Civil A. No. 6:16-cv-1087-Orl-RBD-GJK |
| LIGHTING SCIENCE GROUP CORPORATION, ) ) ) Plaintiff, ) ) ) v. ) ) SATCO PRODUCTS, INC. ) ) Defendant. ) | Civil A. No. 6:16-cv-1256-Orl-RBD-GJK |
| LIGHTING SCIENCE GROUP CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) TECHNICAL CONSUMER PRODUCTS, INC. ) ) Defendant. ) | Civil A. No. 6:16-cv-1255-Orl-RBD-GJK |

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil A. No. 6:16-cv-1321-Orl-RBD-GJK |
| AMAX LIGHTING | ) ) ) |
| Defendant. | ) |

**SURREPLY IN SUPPORT OF OPPOSITION TO MOTION TO STAY LITIGATION PENDING INTER PARTES REVIEW AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION**

Defendants' Motion to Stay proceedings pending final written decisions on inter partes review ("IPR") of the current Patents-In-Suit by the U.S. Patent Trial and Appeal Board ("PTAB") (*Nicor*, Dkt. No. 86) should be denied. There are no existing decisions by the PTAB to institute IPR as to any of the Patents-In-Suit, and there has never been a decision to institute IPR as to one of the Patents-In-Suit, U.S. Patent No. 8,672,518 (the "'518 patent"). Moreover, Plaintiff has not responded to Defendants' petitions for IPR, where Plaintiff will have the opportunity to present new arguments not previously made in Plaintiff's response to the previous petitions for IPR for U.S. Patent Nos. 8,201,968 (the "'968 patent") and 8,967,844 (the "'844 patent").

I. **UNCERTAINTY OF IPR INSTITUTION**

Contrary to Defendants' assertions, there is no certainty regarding the institution of IPR proceedings for the patents-in-suit. Plaintiff has the opportunity to present new arguments in opposition to such institution, and should be afforded those opportunities prior to staying litigation. Moreover, the scope for which Defendants have petitioned varies significantly from the scope for which the PTAB previously instituted IPR proceedings.

Specifically, as to the '968 patent, IPR was previously instituted for claims 1, 2, 5, 6, 11, 14-16, and 19-23, only. Defendants have now expanded their petition to seek review on new claims 3, 4, 7, 8, 9, 10, 12, and 17 of the '968 patent. As to the '844 patent, IPR was previously instituted for claims 1-3, 5, 7, 9, 10, 12, 14, 16, 17, and 20-24, only. Defendants have now expanded their petition to seek review on new claims 4, 8, 11, and 19. Accordingly, the extent to which guidance can be provided by the previous decisions to institute IPR are severely limited and not instructive. Additionally, no IPR proceeding has ever been instituted regarding the '518 patent, and so there can be no presumption, as suggested by Defendants, as to the likely decision to institute with regard to that patent.

## II. UNDUE HARM TO PLAINTIFF

Contrary to Defendants' assertion, a delay to these proceedings, including those claims that would remain upon the conclusion of any IPR, would unduly prejudice Plaintiff, as Plaintiff and Defendants are direct competitors. "Courts have found that 'infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.'" *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033-1034 (C.D. Cal. 2013) (Citing A*vago Techs. Fiber IP (Singapore) PTE. Ltd. v. IPtronics, Inc.*, No. 10-cv-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) (Citing *Acumed, LLC v. Stryker Corp.*, 551 F.3d 1323, 1327-28 (Fed. Cir. 2008)). Lastly, Defendants argue that since Plaintiff did not seek injunctive relief, Plaintiff will not suffer undue harm. The issue of whether or not a Plaintiff seeks injunctive relief is not dispositive as to the issue of undue harm. "To the extent that *Du Pont* turned on the Plaintiff's failure to seek a preliminary injunction, the Court disagrees, and instead, agrees with *Avago* that on a "Motion to Stay, the Court will not hold against [the patentee] it's

3

decision to spare the parties more litigation [in the form of a Motion for Preliminary Injunction]." *See Universal Elecs. Inc.*, 943 F. Supp. 2d 1034 (Citing *Avago* 2011 WL 3267768, at *6). Accordingly, any delay in the proceedings will unduly prejudice Plaintiff.

This case stands in stark contrast to those instances where litigation was stayed prior to a decision on instituting IPR proceedings. Importantly, as noted above, Plaintiff is a practicing entity and in direct competition with Defendants and would suffer undue prejudice as a result of staying proceedings. Instances where courts have granted stays prior to a decision on instituting IPR have often had non-practicing entities as the plaintiff. (See, e.g., *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 4431574 (M.D.F.L. 2016); *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008). Indeed, the Court has stated "[w]hile courts may hesitate to grant a stay in cases involving direct competitors, the relationship between the parties is no impediment to a stay where, as here, the plaintiff is a non-practicing entity which will not lose market share or sales due to a stay." *Patent Asset Licensing*, 2016 WL 4431574, at *3. Accordingly, the undue prejudice that would be suffered by Plaintiff is unwarranted.

Based on the foregoing and the reasons presented in Plaintiff's opposition to Defendants' motion to stay (*Nicor* Dkt. No. 86), Plaintiff respectfully requests the Court to deny Defendants' motion to stay the current litigation.

DATED: May 1, 2017               Respectfully submitted,

                                 */s/Mark F. Warzecha*
                                 Mark F. Warzecha
                                 Florida Bar No. 0095779
                                 Daniel C. Pierron
                                 Florida Bar No. 98732
                                 **WIDERMAN MALEK, PL**
                                 1990 West New Haven Ave., Suite 201
                                 Melbourne, FL 32904
                                 Phone: (321) 255-2332
                                 Fax: (321) 255-2351
                                 MFW@uslegalteam.com
                                 DPierron@uslegalteam.com
                                 **Attorneys for Lighting Science Group Corporation**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system. I further certify that the foregoing document is being served this date on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Mark F. Warzecha*
Mark F. Warzecha